IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20093-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| BRETT W. ELLIS, | ) | No. 14-2578-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76) filed November 10, 2014. In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's claims appear to be barred because in the plea agreement, he waived his right to file collateral challenges.[1] See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 Fed. Appx. 220, 224 (10th Cir. 2007) (district courts "permitted, but not obliged" to review, *sua sponte*, whether Section 2255 motion

---

[1] Except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), the plea agreement waived any right to collaterally attack any matter in connection with defendant's prosecution, conviction or sentence. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #63) filed June 17, 2013, ¶ 9.

timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before July 20, 2015, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76) filed November 10, 2014.  On or before August 31, 2015, defendant may file a response brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 22nd day of June, 2015 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge