# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| **v.** | ) | **No. 12-20093-01-KHV** |
| | ) | |
| **BRETT W. ELLIS,** | ) | **CIVIL ACTION** |
| | ) | **No. 14-2578-KHV** |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On November 10, 2014, defendant filed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76). The Court ordered that by July 20, 2015, the government respond on the issue of potential procedural bars to defendant's motion. On July 15, 2015, the Court sustained the government's motion to continue and extended the deadline to August 31, 2015. See Order (Doc. #81). The government did not file a response or ask for a further extension. On October 15, 2015, the Court ordered the government to show good cause in writing why defendant's Motion Under 28 U.S.C. § 2255 (Doc. #76) should not be sustained. See Order To Show Cause (Doc. #84). This matter is before the Court on the Government's Response To The Court's Order To Show Cause (Doc. #85) filed October 20, 2015 and defendant's Motion To Strike Order To Show Cause And The Government's Response To The Court's Order To Show Cause (Doc. #89) filed December 24, 2015. For reasons stated below, the Court overrules defendant's motion to strike and finds that the government has shown good cause why defendant's motion should not be sustained.

## I.    Potential Procedural Bars To Defendant's Section 2255 Motion

Initially, the Court ordered the government to file a response limited to the issue of potential procedural bars to defendant's motion. The government did not file a response or ask for an

extension of time.  After the Court ordered the government to show cause why defendant's motion should not be sustained, the government acknowledged that no procedural bar applies to defendant's claims which are limited to ineffective assistance of counsel.  <u>Government's Response To The Court's Order To Show Cause</u> (Doc. #85) at 3.  Because the government concedes that no procedural bar applies, the Court need not consider whether the government has stated adequate grounds for an extension of time to respond on the issue.

**II.     Defendant's Motion To Strike**

On October 15, 2015, the Court ordered the government to show good cause in writing why defendant's <u>Motion Under 28 U.S.C. § 2255</u> (Doc. #76) should not be sustained.  Defendant argues that the Court lacked authority to issue an order to show cause because after a deadline has expired, the Court cannot *sua sponte* extend a deadline under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.  As noted, in the initial order, the Court directed the government to respond solely on the issue of potential procedural bars to defendant's motion.  The Court did not *sua sponte* grant any extension of time to file a brief on that issue.[1]  The Court therefore overrules defendant's motion to strike the order to show cause and the government response.

**III.    Response To Order To Show Cause**

The government argues that although no procedural bar applies to defendant's claims, his motion lacks substantive merit.  In particular, the government notes that defendant has not shown how counsel's alleged errors materially altered the Court's ruling on his motion to suppress.  Doc. #85 at 4.  In response, defendant argues that the Court should grant a "default summary judgment"

---

[1]      As explained above, because the government concedes that no procedural ground bars defendant's motion, the Court need not address the timeliness of the government response.

on his motion based solely on the government failure to timely respond on the issue of potential procedural bars.  Doc. #88 at 2.  Although courts treat motions under 28 U.S.C. § 2255 as "civil" actions for many purposes, the rules related to default judgments generally do not apply in post-conviction habeas proceedings.  See, e.g., Quinones-Torres v. United States, 240 F. App'x 876, 878 (1st Cir. 2007) (appellant not entitled to default judgment simply because government did not file opposition to habeas petition); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (failure to respond to claims in petition for habeas corpus does not entitle petitioner to default judgment).  In any event, in this case, any possible default or waiver by the government applies only on the limited issue of procedural bars to defendant's motion.  As explained above, the government does not assert that any such bars apply here.  The government has set forth several arguments, however, which suggest that counsel's alleged errors did not prejudice defendant.  The government has shown good cause why on the present record, the Court should not sustain defendant's motion.  The Court orders the government to file a complete response on the merits of defendant's motion.[2]

**On or before April 20, 2016, the government shall file a response to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76).  On or before May 31, 2016, defendant may file a reply.**

**IT IS THEREFORE ORDERED** that defendant's Motion To Strike Order To Show Cause And The Government's Response To The Court's Order To Show Cause (Doc. #89) filed

---

[2]    Liberally construed, defendant's motion alleges that counsel provided ineffective assistance because (1) she did not hire an expert to show that he was not at the Green Circle store on April 16, 2011, (2) she did not hire an expert to testify that law enforcement officers could have searched his e-mail without searching his actual computer, (3) she did not obtain a copy of a state court transcript to establish that a statement in the affidavit for search warrant incorrectly alleged that defendant was previously charged with selling drugs, and (4) she failed to show that the search warrant lacked probable cause and was invalid as to the computer.

December 24, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government has shown good cause why the Court should not sustain defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #76) filed November 10, 2014.

**IT IS FURTHER ORDERED that on or before April 25, 2016, the government shall file a response to defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #76).  On or before June 7, 2016, defendant may file a reply.**

Dated this 11th day of April, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge