# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 12-20093-01-KHV |
| | ) | |
| BRETT W. ELLIS, | ) | CIVIL ACTION |
| | ) | No. 14-2578-KHV |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Reconsideration Of Defendant's Motion To Strike Court's Show Cause Order And Government's Response (Doc. #93) filed May 2, 2016. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On November 10, 2014, defendant filed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76). The Court ordered that by July 20, 2015, the government respond on the issue of potential procedural bars to defendant's motion. On July 15, 2015, the Court sustained the government's motion to continue and extended the deadline to August 31, 2015. See Order (Doc. #81). The government did not file a response or ask for a further extension. On October 15, 2015, the Court ordered the government to show good cause in writing why defendant's Motion Under 28 U.S.C. § 2255 (Doc. #76) should not be sustained. See Order To Show Cause (Doc. #84). On April 11, 2016, the Court overruled defendant's motion to strike the show cause order and found that the government had shown good cause why defendant's Section 2255 motion should not be sustained. Memorandum And Order (Doc. #90) at 1-4. Because the government conceded that no procedural bar applied, the Court did not consider whether the government had stated adequate grounds for an extension of time to

respond on that particular issue. See id. at 2. The Court also ordered that by April 25, 2016, the government file a response to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76) and that by June 7, 2016, defendant file any reply. Memorandum And Order (Doc. #90) at 3-4.

On May 2, 2016, defendant filed a motion to reconsider the order which overruled his motion to strike.

## Legal Standards

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

## Analysis

Defendant argues that because the government asked for an extension of time to respond to defendant's Section 2255 motion, it waived the opportunity to do so when it failed to file a response by August 31, 2015. Motion For Reconsideration Of Defendant's Motion To Strike Court's Show

Cause Order And Government's Response (Doc. #93) at 8-20. Defendant notes that the government specifically sought an extension to file a "response to the defendant's Motion To Vacate," not to file a brief on potential procedural bars. Government Motion For Additional Time (Doc. #80) filed July 15, 2015.

When the government filed its motion for extension of time, the only deadline to extend was the deadline to file a brief on potential procedural bars to defendant's motion. See Memorandum And Order (Doc. #79) filed June 22, 2015 at 2 (directing parties to file briefs which are "limited to the issue of potential procedural bars to defendant's motion"). Accordingly, in the order which sustained the government's motion for extension of time, the Court noted that the government brief shall be "limited to the issue of potential procedural bars." Docket Text Entry Order (Doc. #89). Because the government did not miss any deadline to file a response to defendant's Section 2255 motion on the merits, it has not waived its right to do so. Accordingly, the Court again overrules defendant's argument that the government waived its right to respond on the merits by failing to file a timely brief on the issue of potential procedural bars.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Of Defendant's Motion To Strike Court's Show Cause Order And Government's Response (Doc. #93) filed May 2, 2016 is **OVERRULED**. **Defendant is reminded that on or before June 7, 2016, he must file any reply brief in support of his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #76).**

Dated this 26th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
